IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:06-CR-73-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DARIUS DEMON BAIN, | ) | |
| | ) | |
| Defendant. | ) | |

On November 7, 2006, pursuant to a written plea agreement, Darius Demon Bain ("Bain") pleaded guilty to conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base (crack) and 500 grams of cocaine (count one) and distribution of more than 5 grams of cocaine base (crack) (count two). See [D.E. 1, 7]. On May 10, 2007, the court held Bain's sentencing hearing. See [D.E. 19, 45]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Sent. Tr. [D.E. 45] 2–6; Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Bain's total offense level to be 38, his criminal history category to be III, and his advisory guideline range to be 292 to 365 months' imprisonment. See Sent. Tr. at 6. After granting the government's motion under U.S.S.G. § 5K1.1 and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Bain to 216 months' imprisonment. See id. at 22–29. Bain did not appeal.

On November 9, 2015, Bain moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 52]. Bain's new advisory guideline range is 235 to 293 months' imprisonment, based on a total offense level of 36 and a criminal history category of III. See Resentencing Report. Bain requests a 174-month sentence. See id.; [D.E. 52] 2.

The court has discretion to reduce Bain's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. Nov. 29, 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Bain's sentence, the court finds that Bain engaged in serious criminal behavior. See PSR ¶¶ 6–8. The conspiracy took place for approximately five years and involved over 12 kilograms of cocaine base (crack) and 2 kilograms of cocaine. See id. Bain also has a prior conviction for carrying a concealed gun and was actively involved in the drug trade from age 16 until age 28. See id. ¶¶ 12, 29. Finally, Bain has taken some positive steps while incarcerated on his federal sentence, but did sustain disciplinary infractions for making a false statement and conducting a gambling pool. See Resentencing Report [D.E. 52] 4–5; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Bain received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Bain's sentence would threaten public safety in light of his serious criminal conduct and misconduct while incarcerated. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Bain's motion for reduction of sentence under Amendment 782. See, e.g., Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Bain's motion for reduction of sentence [D.E. 52].

SO ORDERED. This 14 day of August 2017.

                                                JAMES C. DEVER III
                                                Chief United States District Judge